*GRAYSON vs. WOOLDRIDGE & AL.*

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Where slaves are hired out for a term which is unexpired, and in the mean time the owner sells them to another, if such purchaser take them from the person to whom they were hired before the term expires, he will be answerable in damages as a trespasser.

In an action of trespass it is not necessary to state the trespass happened in any particular part of the Parish ; because had it been stated, evidence that the trespass was committed in some other place in the Parish would have been good, *even in criminal cases.*

The plaintiff who was no party to the deed of sale between Wooldridge and Bowden was a competent witness to prove the declaration of Wooldridge's vendor, to show Wooldridge's knowledge of the plaintiff's right to retain the negro on hire.

The petitioner Grayson hired two negro boys from Bowden, one of the defendants, to continue from January 1829, to January 1830. On the 15th of October 1829, James A, Wooldridge one of the defendants, came to the plaintiff's plantation & took forcible possession of the two slaves, claiming them as his own. It appears he had purchased them of Bowden, the other defendant but a few days before, and with a knowledge of their being hired to the plaintiff. Grayson cautioned the defendant Wooldridge, against taking the negroes. He was also permitted to prove the declaration of Bowden

to Wooldridge, at the time of the sale, "that the negroes were on hire until the first of January and sold with that condition." His testimony was objected to—as also the charge of the District Judge, that no testimony was necessary to prove in what particular part of the Parish the trespass was committed.

There was a verdict and judgment against Woldridge for $100, damage—and judgment of non-suit in relation to Bowden. Wooldridge appealed.

*R. C. Scott* for plaintiff, contended that it was not necessary to prove the particular part of a Parish in which a trespass is committed, to sustain an action of damages. Code of Practice 3, 31.

*Winn* submitted the case on the part of the defendant.

*Martin J.* delivered the opinion of the Court.

The plaintiff claims damages for the wrongful taking out from his possession two slaves, which he had hired for a term as yet unexpired.

The defendant Wooldridge pleaded the general issue, and claimed title to the slaves purchased from his co-defendant.

The plaintiff had a verdict and judgment against Wooldridge with $100 damages.

There was judgment of non-suit against the other defendant. Wooldridge appealed.

The trespass was clearly proved ; and it appeared the appellant was informed by his vendor of the slaves being hired out to the plaintiff for a term not yet expired.

There was no evidence given of the place where the trespass was committed, and the petitioner stated no particular place of the Parish. The District Judge charged the jury there was no necessity for such evidence. The defendant's counsel took a bill of exception to this opinion, and relied on the Code of Practice 3. 31.

The Judge also charged the jury that the declarations of

When slaves are hired out for a term which is unexpired, and in the mean time the owner sells them to another, if such purchaser take them from the person to whom they are hired before the term expires, he will be answerable in damages as a trefpasser.

Western District.
October, 1830.

GRAYSON
vs.
WOOLDRIDGE.

In an action of trespass it is not necessary to state the trespass happened in any particular part of the parish, because had it been stated, evidence that the trespass was committed in some other place in the parish would have been good, *even in criminal cases.*

Wooldridge's vendor at the time of the sale, were legal evidence to prove Wooldridge's knowledge of the right of the plaintiff to retain the slaves.

We think the District Judge did not err. Had a particular place in the Parish been stated in the petition, evidence of the trespass in another part of the Parish would have sustained the charge. This is the law, even in criminal cases.

The plaintiff who was no party to the deed of sale, might well give evidence of what was said by the parties against either of them.

An effort was made to procure a new trial on account of the excessiveness of the damages. The District Judge thought, and we think with him, that the verdict ought not to be disturbed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.